**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARMANDO VELAZQUEZ, on behalf of himself and LUIS VELAZQUEZ and MAURICIO VELAZQUEZ, minors, the heirs of VERONICA ABAD-TREJO, deceased,<br><br>        Plaintiffs,<br><br>  vs.<br><br>LAURA IVON PAJAR, HECTOR PAJAR-MORALES, GOODYEAR TIRE & RUBBER CORP., an Ohio corporation, WAL-MART STORES, INC., a Delaware corporation, DOES I through V, and ROE BUSINESS ENTITIES I through XV, inclusive,<br><br>        Defendants. | Case No.: 2:13-cv-01287-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Remand (ECF No. 7) filed on August 15, 2013. Defendants Laura Pajar and Hector Pajar-Morales filed their Response to Plaintiffs' Motion for Remand (ECF No. 9) on August 22, 2013 in which they asserted several factual corrections to the Motion for Remand (ECF No. 7), but did not oppose the motion. On September 3, 2013, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed its Opposition to Plaintiffs' Motion for Remand (ECF No. 15) contesting the remand on the merits. Plaintiffs filed a Reply Memorandum (ECF No. 17) supporting their Motion for Remand on September 11, 2013. For the following reasons, the Court will **GRANT** the Motion to Remand (ECF No. 7.)

**I.   BACKGROUND**

This case arises out of an automobile accident that occurred on August 20, 2010. (First Amended Compl. ¶ 7, ECF No. 1-2.) On that date, Veronica Abad-Trejo was riding as a

passenger in a 2003 Jeep Liberty, which was owned by Defendant Hector Pajar-Morales and was being driven by Defendant Pajar-Morales's wife, Defendant Laura Ivon Pajar. (*Id.* at ¶¶ 7, 8.) The Complaint alleges that the vehicle's left rear tire, which was manufactured by Defendant Goodyear Tire & Rubber Corp. ("Goodyear") and had previously been inspected by Wal-Mart, malfunctioned, causing the Jeep Liberty to leave the roadway and overturn. (*Id.* at ¶¶ 9, 10, 45.) Ms. Abad-Trejo died as a result of injuries sustained in the accident. (*Id.* at ¶ 10.)

In June of 2012, Ms. Abad-Trejo's surviving spouse, Plaintiff Armando Velazquez, brought the present action in Nevada state court on behalf of himself and the couples' minor children, Plaintiffs Luis Velazquez and Mauricio Velazquez (the "Minor Plaintiffs"). (Mot. for Remand 2:5-11, ECF No. 7.) Wal-Mart was not named as a defendant in the original Complaint. (*Id.*) Wal-Mart was, however, a named defendant in a related case arising out of the same car accident. (Wal-Mart's Resp. to Mot. for Remand 2:27-3:3, ECF No. 15.) Plaintiffs and Defendants Pajar-Morales and Pajar are citizens of the State of Nevada, Goodyear is a citizen of the State of Ohio, and Wal-Mart is a citizen of the State of Delaware. (Notice of Removal ¶¶ V, VI, ECF No. 1; First Amended Compl. ¶¶ 1-6, ECF No. 1-2.)

Following the commencement of the suit, Defendants Pajar-Morales and Pajar sought to consolidate this action with two other lawsuits arising from the accident, including the suit in which Wal-Mart was a defendant. (Mot. for Remand 2:24-3:3, ECF No. 7.) The two individual defendants also entered into a settlement agreement with Plaintiffs, and on August 9, 2012, filed a Motion for Good Faith Settlement Determination, seeking an order from the court "determining the settlement agreement entered into between them and Plaintiffs constitutes a 'good faith' settlement for all purposes of NRS 17.245, as well as dismissal of all claims for equitable indemnity/contribution asserted against Defendants, with prejudice." (Exhibits to Mot. for Remand Ex. A-1, p. 2 ECF No. 8.) On December 31, 2012, the state court ordered the cases consolidated for the discovery phase only and denied consolidation for the trial phase.

(Exhibits to Mot. for Remand Ex. B, ECF No. 8.)  On February 14, 2013, the state court found that the settlement agreement constituted a good faith settlement under Nevada law and granted Defendants' Motion for Good Faith Settlement Determination. (Order Granting Settlement Determination, ECF No. 15-2).

On April 19, 2013, Defendants Pajar-Morales and Pajar filed a petition to have their settlement approved by the Clark County District Court in regards to the claims of the Minor Plaintiffs pursuant to Nevada Revised Statutes section 41.200(1). (Docket Sheet, ECF No. 9-1.) On June 5, 2013, Plaintiffs filed their First Amended Complaint (ECF No. 1-2) adding Wal-Mart as a defendant.  Then on July 19, 2013, prior to the state court's approval of the settlement of the Minor Plaintiffs' claims, Wal-Mart filed its Notice of Removal. (ECF No. 1.)

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted).  For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Furthermore, "removal is permissible only where original jurisdiction exists at the time of removal...." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) (citation omitted).  "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of America*

*Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

## III.  DISCUSSION

In their motion, Plaintiffs assert two grounds for remanding this case back to state court.  First, Plaintiffs argue that this Court does not have subject matter jurisdiction because the non-diverse defendants, Defendants Pajar-Morales and Pajar, have not been dismissed from the case. (Mot. for Remand 4:12-5:16, ECF No. 7.) Second, Plaintiffs argue that even if this Court does have subject matter jurisdiction, it should nevertheless abstain from exercising jurisdiction under the *Colorado River* Doctrine because this case has been consolidated with two other cases that are still pending in state court and such abstention would conserve judicial resources and avoid piecemeal litigation. (*Id.* 5:17-9:19); *see also Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976) ("there are principles … which govern in situations involving the contemporaneous exercise of concurrent jurisdictions … by state and federal courts.  These principles rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'") (citations omitted).

Regarding the issue of complete diversity, Plaintiffs assert in their Motion for Remand that Defendants Pajar-Morales and Pajar were not dismissed from this case because in their Motion for Good Faith Settlement Determination they only requested "dismissal of all *claims for equitable indemnity/contribution* asserted against Defendants" rather than actual dismissal from the suit. (*Id.* 5:1-16) (emphasis in the original).  Wal-Mart counters in their Opposition to Plaintiffs' Motion for Remand that the state court's Order granting of the Motion for Good Faith Settlement Determination effectively dismissed all the claims against Defendants Pajar-Morales and Pajar and that, even if the Order did not formally dismiss Defendants, the settlement agreement alone is sufficient to render the Defendants' citizenship irrelevant for the purpose of diversity. (Opp. to Plaintiffs' Mot. for Remand 3:25-5:22, ECF No. 15.)  In support of its position, Wal-Mart cites to several Federal District Court decisions and one Eighth Circuit decision that have found that "a settlement between [the non-diverse parties] was enough to support removal." *Id.* (citing *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1985)); *see e.g. Erdey v. Am. Honda Co., Inc.*, 96 F.R.D. 593, 599 *on reconsideration in part*, 558 F. Supp. 105 (M.D. La. 1983) ("entering the settlement agreement was an act which made the case removable under 28 U.S.C. § 1446(b)").

The Ninth Circuit has not yet addressed the question of whether an enforceable settlement agreement against all non-diverse parties is sufficient to permit removal of an action. However, the Court does not need to reach this question in order to resolve the issue of remand in this case.  As Plaintiffs point out in their Reply Memorandum, two Plaintiffs in this case are minors, and under Nevada law, the settlement of a disputed claim held by a minor is not effective until it is approved by the Court. (Reply in Supp. of Remand 2:23-3:3, ECF No. 17); Nev. Rev. Stat. § 41.200(1) ("If an unemancipated minor has a disputed claim …, either parent … has the right to compromise the claim. Such a compromise is not effective until it is approved by the district court … upon a verified petition in writing, regularly filed with the

court."); *see also Haley v. Dist. Ct.*, 273 P.3d 855, 859 (Nev. 2012) ("A compromise [of a minor's claim] is not effective until approved by the district court upon a verified petition in writing."). At the time of removal in this case, Defendants' Petition for Settlement Approval had not yet been granted by the state court. As a result, the settlement was still voidable and not yet binding on the Minor Plaintiffs. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) ("since the enforceability of a contract in settlement of litigation involving a minor party depends upon the approval of a court, … such a contract is voidable at the election of the minor … unless and until the court's imprimatur has been placed on it."). Therefore, the claims held by the Minor Plaintiffs against Defendants Pajar-Morales and Pajar could not have been effectively settled or dismissed at the time Wal-Mart's Notice of Removal (ECF No. 1) was filed.

In *Guerrero v. Gen. Motors Corporation*, the Court for the Northern District of California faced a similar set of circumstances where the claims of four minor plaintiffs against non-diverse defendants arising out of a car wreck were settled, and the remaining diverse defendant then attempted to remove the case to federal court prior to the state court's approval of the settlement. *Guerrero v. Gen. Motors Corp.*, 392 F. Supp. 2d 1133 (N.D. Cal. 2005). The *Guerrero* Court found that because a settlement by minor plaintiffs is not final or binding until it is approved by the court under California law, the defendants whose claims were purportedly released under that settlement were still defendants at the time of removal, preventing complete diversity. *Id.* at 1135-36.

Like the Court in *Guerrero*, this Court finds that because the settlement agreement was not effective against the claims of the Minor Plaintiffs at the time the Notice of Removal (ECF No. 1) was filed, Defendants Pajar-Morales and Pajar were still parties to the case whose presence destroyed complete diversity. *Id.* The ineffectiveness of the settlement agreement to the Minor Plaintiffs' claims prior to court approval renders this case factually distinct from the

cases cited by Wal-Mart finding a settlement agreement sufficient for supporting removal. *Id.*; *see also Moore v. Goodyear Tire & Rubber Co.*, CV-11-01174-PHX-NVW, 2011 WL 3684508, at *2 (D. Ariz. Aug. 23, 2011) (noting the distinction between cases where a settlement agreement was effective and where it was not effective at the time notice of removal was filed).  Furthermore, even if the settlement agreement has now been approved by the state court, in order for the removal to have been proper, original jurisdiction must have existed at the time removal was filed. *Sparta Surgical Corp.*, 159 F.3d at 1211.  Therefore, Wal-Mart has failed to meet its burden in showing that this case is removable on the basis of diversity jurisdiction.

As the Court has determined that this case should be remanded to the state court for lack of jurisdiction, the issue of abstention is moot.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (ECF No. 7) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 4th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge